Zimmerman, J.
 

 In considering this case, four propositions suggest themselves:
 

 1. The defendant had nothing to do with creating the hazard encountered by plaintiff.
 

 2. A very brief period elapsed between the dropping of the jar of mayonnaise by a customer apd the fall of the plaintiff.
 

 3. Except for the dubious conclusion of one witness, there is no evidence that the employees of the defendant knew of the mayonnaise on the floor.
 

 4. If upon any theory defendant may be charged with the knowledge possessed by Felix Garlando, actually employed by another, Garlando took immediate steps to remedy the situation in an ordinary and usual way.
 

 The rule which is recognized generally is thus stated in the first paragraph of the syllabus in the case of
 
 S. S. Kresge Co.
 
 v.
 
 Fader,
 
 116 Ohio St., 718, 158 N. E., 174, 58 A. L. R., 132, as follows:
 

 
 *589
 
 “Owners or lessees of stores owe a duty to tlie patrons of the store to exercise ordinary care to prevent accident and injury to the patrons while in the store,, but they are not insurers against all accidents and injuries to such patrons while in the store.”
 

 For applications of the rule, see
 
 J. C. Penney Co.
 
 v.
 
 Robison,
 
 128 Ohio St., 626, 193 N. E., 401, 100 A. L. R., 705;
 
 Cleveland Athletic Assn. Co.
 
 v.
 
 Bending,
 
 129 Ohio St., 152, 194 N. E., 6;
 
 Sherlock
 
 v.
 
 Strouss-Hirshberg Co.,
 
 132 Ohio St., 35, 4 N. E. (2d), 912. Compare
 
 Hardgrove
 
 v.
 
 Isaly Dairy Co.,
 
 139 Ohio St., 641, 41 N. E. (2d), 862.
 

 To be entitled to recover in cases of the character presently before us, it is necessary for a plaintiff to show:
 

 1. That the defendant through its officers or employees was responsible for the hazard complained-of; or
 

 2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 

 3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to w'arn against it or remove it w'as attributable to a want of ordinary care.
 

 With reference to the subject of liability for negligence, this court laid down the following rule in the case of
 
 Englehardt
 
 v.
 
 Philipps,
 
 136 Ohio St., 73, 23 N. E. (2d), 829, in the second paragraph of the syllabus:
 

 “Legal liability for negligence is based upon conduct involving unreasonable risk to another, which must be established by affirmative evidence tending to show that such conduct falls below the standard represented by the conduct of reasonable men under the same or similar circumstances.”
 

 Here, we are convinced that the evidence offered by plaintiff did not establish lack of ordinary care on
 
 *590
 
 the part of the defendant, or that its conduct fell short of the standard represented by the conduct of reasonably prudent men in a position similar to that of the defendant.
 

 The Court of Appeals said in its opinion:
 

 “It appears to a majority of the members of this court that the conduct of defendant’s agents, as well as the conduct of Garlando, whose agency a jury could reasonably conclude the defendant was estopped to deny, was such that a jury could, in the exercise 'of reasonable judgment, find for the plaintiff.”
 

 As has already been pointed out, there is no evidence other than the surmise of a witness that the defendant’s admitted employees knew of the mayonnaise on the floor.
 

 Attempting to connect Garlando with the defendant company, counsel for the plaintiff asked him:
 

 “Q. Does Mr. Hofman [defendant’s store manager] give you orders as to how the vegetable stand shall be handled? A. Well, if I want to put it that way — the way I can answer — he wants nothing but the best, and everything neat and everything clean around there.
 

 “Q. Does he give you orders to that effect? A. He does.”
 

 Of course, this testimony would not tend to place Garlando in the position of an employee of the defendant, since the relationship of master and servant is dependent not only upon the right to direct the conduct of the servant, but also upon the right to dictate the mode and manner of doing the work.
 

 Nor de we thing “agency by estoppel” is pertinent to this case. That doctrine, as it might be invocable by a plaintiff in a tort action, rests upon the theory that one has been led to rely upon the appearance of agencv to his detriment.
 
 Rubbo
 
 v.
 
 Hughes Provision Co.,
 
 138 Ohio St., 178, 34 N. E. (2d), 202. It is usually
 
 *591
 
 applied in those eases where credit has been extended, action has been induced, delay has been obtained, or some other change in position has occurred, in reliance upon the appearance of authority. 1 Mechem on Agency (2 Ed.), 512, Section 724:
 
 Maloney Tank Mfg. Co.
 
 v.
 
 Mid-Continent Petroleum Corp.,
 
 (C. C. A. 10), 49 F. (2d), 146, 149.
 

 In the present case there is no evidence of any reliance by the plaintiff upon Garlando as' an ostensible employee or representative of the defendant through any inducement of the defendant, and therefore “agency by estoppel” has no place in the controversy. So far as the record discloses, plaintiff did not even know of the existence of Garlando.
 

 As we view the matter, then, plaintiff failed to make out a case of actionable negligence against the defendant, and for that reason the trial court properly rendered judgment for the defendant, notwithstanding the verdict returned for the plaintiff. %
 

 A great number of cases in which customers, have received injuries by slipping or stumbling in mercantile establishments, and have later brought suit against the storekeepers without success, might be cited; but it would serve no useful purpose to encumber this opinion by doing so. A few representative authorities containing facts somewhat resembling those in' the present controversy and in which recovery was denied are as follows:
 
 Bornstein
 
 v.
 
 R. H. White Co.,
 
 259 Mass., 34, 155 N. E., 661;
 
 Rom
 
 v.
 
 Huber,
 
 93 N. J. Law, 360, 108 A., 361, aff., 94 N. J. Law, 258, 109 A., 504;
 
 Miller
 
 v.
 
 Gimbel Bros., Inc.,
 
 262 N. Y., 107, 186 N. E., 410;
 
 Lee
 
 v.
 
 Meier & Frank Co.,
 
 166 Ore., 600, 114 P. (2d), 136;
 
 Starberg
 
 v.
 
 Olbekson
 
 (Ore.), 129 P. (2d), 62;
 
 Lundgren
 
 v.
 
 Gimbel Bros. Inc.,
 
 191 Wis., 521, 210 N. W., 678.
 

 It is our conclusion that the judgment of the Court
 
 *592
 
 of Appeals must be reversed and tlie judgment of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Hart, Bell and Turner, JJ., concur.
 

 Williams, J., not participating.