OPINION
Appellant, Lawrence W. Evans, appeals from a decision of the Franklin County Court of Common Pleas granting the summary judgment motion of appellee, Armstrong Group.
Appellant filed a complaint alleging damages based on appellee's negligence in not maintaining its restaurant in a reasonably safe condition. Appellee filed an answer denying any liability. After discovery, appellee filed a motion for summary judgment. The trial court granted appellee's summary judgment motion, finding that appellant failed to meet its evidentiary burden in responding to the summary judgment motion. Appellant filed a timely notice of appeal.
On appeal, appellant asserts one assignment of error:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
On January 17, 1996, between 6:00 and 8:00 p.m., appellant and several of his co-workers entered a Ponderosa restaurant located in Calcutta, Ohio, owned by appellee. The weather was cool and sunny with no precipitation, but there may have been standing snow in the parking lot. Neither the sidewalk nor appellant's shoes were wet as he entered the restaurant. Appellant proceeded through two sets of double doors into the aisle approaching the counter where orders are taken. As he stepped off the carpet, he slipped and fell on the tile floor, landing on his bottom. Appellant noticed that the "entire floor" was uniformly wet, and it appeared to him as if it had been mopped. However, there was no water on the floor at the entrance of the restaurant. There were no signs warning patrons of a mopped floor, and appellant neither observed anyone mopping the floor, nor did he see a mop or bucket in the area. Appellant reported the fall to the manager, who filled out paperwork and talked to the other people with appellant. Appellant's lower back was injured, and he required the treatment of a chiropractor. Appellant used five to six days of sick time in lieu of missing work, but he was compensated at a lower rate for this sick time. He incurred a total of $1,186 in medical bills for the chiropractor visits.
In appellant's single assignment of error, he argues that the trial court erred in granting appellee's summary judgment motion. We agree.
An appellate court reviews a trial court's grant of summary judgment independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. Of Commrs.
(1993), 87 Ohio App.3d 704, 711. An appellate court applies the same standard as the trial court in reviewing a trial court's disposition of a summary judgment motion. Maust v. Bank OneColumbus, N.A. (1992), 83 Ohio App.3d 103, 107. Before summary judgment can be granted under Civ.R. 56(C), the trial court must determine that:
 * * * (1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. * * *
State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,358-359.
The Supreme Court of Ohio delineated the allocation of the evidentiary burdens for the moving and the non-moving party in a summary judgment motion where the moving party asserts that the non-moving party cannot prove its case in Dresher v. Burt (1996),75 Ohio St.3d 280, 293, interpreting Celotex Corp. v. Catrett(1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265. InDresher, the Ohio Supreme Court held that:
 * * * [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Id. The court explained that a non-moving party cannot rest upon the allegations of the pleadings but must respond with affidavits or similar evidentiary materials demonstrating that a genuine issue of material fact exists for trial. Id., citing Civ.R. 53(E).
Business invitees are owed a duty of ordinary care by merchants in maintaining their places of business in a reasonably safe condition so that customers are not exposed unnecessarily and unreasonably to danger. Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203. However, a merchant is not an insurer of a customer's safety. Id. To prevail on a negligence action based on a slip and fall in a business, a customer must produce evidence indicating more than that the customer slipped and fell in the business. J.C. Penny Co. v. Robison (1934), 128 Ohio St. 626, at paragraph four of the syllabus. Instead, the customer must produce evidence indicating that some negligent act or omission of the merchant caused the customer to slip and fall.Id. In order for a plaintiff to recover in a negligence action based on slip and fall in a business, the plaintiff must establish:
 1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.
Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584, 589.
The trial court indicated that appellant had to "prove" at least one prong of the Johnson test to survive summary judgment. The trial court granted the summary judgment motion, concluding that appellant failed to do so. Appellant argues that all he was required to show was that there is a genuine issue of material fact regarding one of the elements of the Johnson test. Appellee asserts that the trial court merely concluded that appellant failed to meet his reciprocal burden under Dresher and Civ.R. 56(E) of demonstrating that a genuine issue of material fact exists.
We agree with appellant that Civ.R. 56(E) requires only that appellant demonstrate that a genuine issue of material fact exists regarding one or more of the elements of the Johnson test. Upon an independent review of the evidence construed most strongly in favor of appellee, we conclude that a genuine issue of material fact exists regarding appellee's knowledge of and responsibility for the water on the floor.
In appellant's deposition and affidavit, he stated that he believes that the floor was wet from being mopped. The basis of his opinion was that the entire floor was evenly and uniformly wet. Moreover, the sidewalk leading into the restaurant was dry, and the floor immediately upon entering the restaurant was also dry. Although appellee argues that appellant's statements are merely speculation, a lay witness may testify as to his opinion if it is based upon his perception and if it is helpful to the determination of a fact in issue. Evid.R 701.
When the evidence is construed most strongly in appellant's favor, the fact that the floor was uniformly wet leads to the conclusion that the floor was mopped and that, if it was mopped, appellee's employees were responsible. This evidence creates a genuine issue of material fact as to whether appellee was responsible for the hazard under the first prong of theJohnson test. Thus, appellant responded with sufficient evidence to show the existence of a genuine issue of material fact and to withstand the summary judgment motion.
Although appellee cites to Goodin v. The Kroger Co.
(June 21, 1993), Butler App. No. CA93-01-009, unreported, as persuasive authority for affirming the trial court's granting of the summary judgment motion, Goodin is clearly distinguishable. In Goodin, the plaintiff slipped on a puddle of water in a grocery store, which she suggested came from a leak in a freezer case but could also have been tracked in by another customer since there was snow on the ground. Id. The appellate court affirmed the trial court's grant of summary judgment because the plaintiff failed to present any evidence that the defendant had notice. Id. The appellate court also noted that there must be some factual basis from which to draw an inference of negligence. Id., citingParras v. Standard Oil Co. (1953), 160 Ohio St. 315. Here, the fact that the floor was uniformly wet provides a reasonable basis from which to draw the inference that the floor had been mopped by an employee of appellee and that appellee was responsible for the wet floor and failed to warn of it.
Because there remains a genuine issue of material fact, the trial court erred to the prejudice of appellant in granting appellee's summary judgment motion. Thus, appellant's single assignment of error is sustained. The decision of the trial court is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
BRYANT and DESHLER, JJ., concur.