DECISION
Plaintiffs-appellants, Loraine N. Wilson ("plaintiff") and her husband, appeal from a judgment of the Franklin County Court of Common Pleas granting the motion for summary judgment of defendant-appellee, The Kroger Company. Plaintiffs assign a single error:
 THE TRIAL COURT ERRED WHEN IT HELD THERE WAS NO GENUINE ISSUE OF MATERIAL FACT REGARDING DEFENDANT'S CONSTRUCTIVE KNOWLEDGE OF A DANGEROUS CONDITION WITHIN ITS PREMISES.
On June 24, 1996, plaintiff was shopping at defendant's store in Lancaster, Ohio. While shopping, plaintiff pushed her shopping cart down a store aisle, looking at the shelves. She had been in the store approximately forty-five minutes when she slipped on a lotion-like substance in the aisle and fell to the floor.
No one witnessed the accident. A customer, however, approached Todd Green, a cashier and floor runner for defendant, and he came to plaintiff's aid. Green observed a nine-inch by three-inch spot of white lotion on the floor with cart tracks in it. An uncapped bottle of insect repellant lotion was found nearby. In her deposition, plaintiff testified she did not see the substance prior to her fall because she was looking at the shelves, not at the floor.
On June 24, 1998, plaintiffs filed a complaint against defendant, seeking damages arising from plaintiff's fall. Defendant responded initially with an answer, and on December 4, 1998 with a motion for summary judgment which asserted (1) defendant had neither actual nor constructive notice of the substance on the floor, and (2) the substance was an open and obvious danger which plaintiff had the responsibility to avoid. The trial court granted defendant's motion for summary judgment, concluding that "Plaintiff has failed to produce evidence which demonstrates that the Defendant caused or had actual knowledge of the spill. In addition, the Plaintiff has failed to put forth evidence which is sufficient to create an inference that the Defendant should have known about the spill because of the length of time that it existed on the floor." (Decision, p. 8.)
Plaintiffs appeal, contending the trial court improperly granted defendant's summary judgment motion.
In accordance with Civ.R. 56, the evidence must be construed most strongly in favor of the nonmoving party; summary judgment should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the non-moving party. Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64. A motion for summary judgment first forces the moving party to inform the court of the basis of the motion and to identify portions in the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 296. If the moving party makes that showing, the non-moving party then must produce evidence on any issue for which the party bears the burden of production at trial.Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus (Celotex v. Catrett [1986],477 U.S. 317, approved and followed).
Plaintiff was a business invitee at defendant's store because she entered the store to do her grocery shopping. Although store owners are not insurers against all types of accidents that may occur on the store premises, a shopkeeper owes business invitees "a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." Paschal v. RiteAid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. In that context, in order to recover in a slip and fall case, an injured plaintiff must show (1) that the storekeeper or one of his [or her] employees had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly, or (2) that the danger had existed for a sufficient time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a lack of ordinary care. Johnson v. WagnerProvision Co. (1943) 141 Ohio St. 584, paragraph three of the syllabus.
Although plaintiffs admittedly do not know how the substance got onto the floor of the aisle, and cannot show that defendant created the hazard or had actual notice of its existence, plaintiffs nevertheless may still be entitled to recover if they can show the danger or nuisance existed for such a period of time that defendant would have discovered it but for a lack of ordinary care. Rist v. Big Bear Stores, Inc. (Oct 12, 1989), Franklin App. No. 89AP-533, unreported (1989 Opinions 3924, 3926). In that regard, plaintiffs contend the evidence was sufficient to allow a reasonable inference that the substance was on the floor of the store for such a length of time as to impute constructive knowledge of the substance to defendant and to justify an inference that the failure to warn against it or remove it was due to a lack of ordinary care.
Specifically, Green stated in his deposition he did not observe any spilled lotion on the floor before plaintiff fell; he only became aware of it after plaintiff's fall. The small spill of lotion he observed measured approximately nine inches by three inches, and had shopping cart tracks in it. With that evidence, plaintiffs assert that the fact the lotion had been on the floor long enough to develop cart tracks through it demonstrates a genuine issue of material fact regarding the length of time the lotion was on the floor. As is apparent from plaintiff's deposition testimony, however, plaintiff's own cart passed over the lotion before she slipped on the lotion. Moreover, plaintiffs presented no evidence concerning how many tracks were in the lotion, or how dirty the lotion had become because of numerous tracks rolling through it. Indeed, even if we were to assume plaintiff did not make the tracks with her own car, plaintiffs' evidence does not provide any premise for ascertaining how long the tracks were there. Although plaintiffs note no other customers were in the aisle when plaintiff fell, that evidence does nothing to take out of the realm of speculation plaintiffs' claim that the tracks had been there for some time, as the cart causing the tracks may have vacated the aisle immediately before plaintiff's fall.
In the final analysis, plaintiffs have failed to demonstrate a genuine issue of material fact exists for trial: plaintiffs have failed to establish that defendant had actual or constructive knowledge of the lotion on the floor of the store. Accordingly, the trial court did not err in granting defendant's motion for summary judgment.
Plaintiffs' single assignment of error is overruled and the judgment of the trial court is affirmed.
BROWN and TYACK, JJ., concur.