JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, Timothy Smith, appeals the summary judgment granted by the Hamilton County Court of Common Pleas in favor of defendant-appellee, Bistro Management, Inc., doing business as TGI Friday's, Inc. ("Friday's"). For the following reasons, we affirm the trial court's judgment.
Smith alleged that he had slipped and fallen on a puddle of water in a Friday's restaurant and had sustained injuries. The trial court granted the motion for summary judgment filed by Friday's on the basis that Smith had failed to demonstrate that a Friday's employee was responsible for the spill or that the restaurant had actual or constructive notice of the spill.
In his first assignment of error, Smith argues that the trial court erred by granting the motion for summary judgment because a genuine issue of material fact existed as to whether an employee was the source of the spill. In his second assignment of error, he maintains that the court erred by granting the motion because a genuine issue of material fact remained as to whether Friday's had constructive notice of the water spill. We address the assignments together.
Pursuant to Civ.R. 56(C), a motion for summary judgment is to be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists, and, once it has satisfied its burden, the nonmoving party must produce evidence on any issue for which that party would bear the burden of production at trial.[2]
When alleged negligence is based upon the presence of a foreign substance on the floor of a business, the business invitee must demonstrate one of the following: (1) that the owner or occupier, or its employee, put the substance on the floor; (2) that the owner or occupier had actual knowledge of the presence of the substance on the floor, but failed to remove it or warn the invitee; or (3) that the substance was on the floor for a sufficient period of time for the owner or occupier to have constructive notice of its presence and, therefore, have a duty to warn the invitee or remove it.[3]
In the case at bar, we find no error in the trial court's entry of summary judgment. First, the record fails to demonstrate that Friday's caused water or some other substance to be on the floor. Smith urges this court to infer that, because a water station was near the spill, the substance upon which he slipped was spilled by a Friday's employee. This court cannot engage in such speculation. It was incumbent upon Smith to provide evidence as to the source of the spill, and the proximity of the spill to a water station was simply not sufficient to establish a genuine issue of fact under the first prong of the Johnson inquiry.
Smith also failed to establish that Friday's had actual knowledge of the substance or that the substance was there long enough to justify an inference that Friday's failure to remove it or warn customers was negligent. The eyewitness produced by Smith indicated that he had been at the restaurant for forty-five minutes before the fall and did not see how or when the substance came to be on the floor. Therefore, as the trial court aptly noted, the spill could have occurred within forty-five minutes or forty-five seconds of Smith's fall.
Smith himself was unable to state how long the substance had been on the floor before he slipped. However, the record demonstrates that Smith had successfully negotiated the area of the spill just minutes before his fall, thus suggesting that the substance was not on the floor long enough to establish constructive notice. Under these circumstances, we find no error in the trial court's conclusion that no genuine issue of fact existed as to the restaurant's notice of the spill. The first and second assignments of error are accordingly overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Winkler, JJ.
[1] See State ex. rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589, 639 N.E.2d 1189, 1192.
[2] See Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108,570 N.E.2d 1095, paragraph three of the syllabus.
[3] See Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584,49 N.E.2d 925; Catanzano v. The Kroger Co. (Jan. 11, 1995), Hamilton App. No. C-930761, unreported.