[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiffs-appellants, Jennifer Imbus and James Imbus, appeal the summary judgment entered by the Hamilton County Court of Common Pleas in favor of defendant-appellee, United Dairy Farmers Co. No. 29 ("UDF") in a personal-injury action.
In December 1997, Jennifer Imbus stopped at a UDF convenience store to ask for directions. While returning to her automobile, which was parked in the UDF parking lot, she slipped and fell on an accumulation of oil, sustaining injuries. The Imbuses filed a complaint against UDF, and, on March 27, 2000, the trial court entered summary judgment in favor of UDF.
On appeal, the Imbuses claim that the trial court erred in its entry of summary judgment. Pursuant to Civ.R. 56(C), a motion for summary judgment is to be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists, and once it has satisfied its burden, the nonmoving party must produce evidence on any issue for which that party would bear the burden of production at trial.[2]
In the case at bar, much of the parties' argument focuses on whether Jennifer Imbus was a business invitee or merely a licensee with respect to UDF. For the purposes of reviewing the summary judgment, we assume, without deciding, that she was an invitee. When alleged negligence is based upon the presence of a foreign substance on the floor of a business,[3] the business invitee must demonstrate the following: (1) that the owner or occupier, or its employee, put the substance in the floor; (2) that the owner or occupier had actual knowledge of the presence of the substance on the floor, but failed to remove it or warn the invitee; or (3) that the substance was on the floor for a sufficient period of time for the owner or occupier to have constructive notice of its presence and, therefore, to have a duty to warn the invitee or remove it.[4]
Here, the Imbuses do not argue that a UDF employee put the oil on the parking lot and they did not present any evidence below that UDF had actual notice of the presence of the oil. Their argument thus focuses on constructive notice.
Having reviewed the entire record, we hold that the Imbuses failed to demonstrate a genuine issue of fact with respect to constructive notice. Jennifer Imbus conceded in her deposition that she had no idea how long the accumulation of oil had been on the surface of the parking lot where she fell. And although she submitted photographs of the parking lot in an attempt to demonstrate that the accumulation of oil had been there for a sufficient period of time to give rise to constructive notice, the photographs did not, by themselves, demonstrate what length of time the oil had been present. Moreover, the Imbuses' attempts to bolster their claim of constructive notice by citing the regular practice of UDF to periodically clean and inspect its parking lots must fail, because the evidence of that practice was not made a part of the record on appeal pursuant to App.R. 9. Under these circumstances, we hold that the trial court properly entered summary judgment in favor of UDF, and the sole assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589, 639 N.E.2d 1189, 1192.
[2] See Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108,570 N.E.2d 1095, paragraph three of the syllabus.
[3] We equate the parking lot in the instant case with the term "floor," as have the parties.
[4] See Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584,49 N.E.2d 925; Catanzano v. The Kroger Co. (Jan. 11, 1995), Hamilton App. No. C-930761, unreported.