OPINION
Plaintiffs, Douglas and Catherine Kessler, appeal a March 15, 2001 judgment of the Franklin County Court of Common Pleas granting summary judgment to defendant, Office Max, Inc. The following two assignments of error are interrelated and will be addressed together:
 [1.] The trial court erred in granting defendant-appellee's motion for summary judgment as it clearly failed to construe the evidence most strongly in favor of plaintiffs-appellants.
 [2.] The trial court erred when it held that a business satisfied its obligation to a business invitee when it was on notice of a hazardous condition on its premises.
Douglas Kessler (hereinafter "plaintiff"), was injured on May 23, 1999, while shopping at defendant's Office Max store located at 5825 Chantry Drive in Columbus, Ohio. About 2:00 p.m. that afternoon, plaintiff entered the store accompanied by his eleven-year-old daughter. The two selected a piece of poster board and proceeded toward one of the store's checkout counters. As they approached, plaintiff was summoned by a cashier in an adjacent aisle, as the counter plaintiff initially selected was closed. Plaintiff turned and walked around a small display case. Unfortunately, as he did so, he cut his right leg on a piece of metal fencing located at the bottom of the case. Plaintiff subsequently filed suit seeking damages as a result of the defendant's alleged negligence in failing to maintain its premises in a reasonably safe condition.
On January 16, 2001, defendant filed a motion for summary judgment which it supported with the depositions and affidavits of the plaintiff, and Office Max employees Cynthia Daniels and Leslie Allert. On March 15, 2001, the trial court granted that motion finding: (1) that Ms. Allert witnessed another shopper bump the shelving unit with a shopping cart and "took immediate steps to remedy the situation in an ordinary and usual way"; (2) that there was no evidence present to justify any inference that defendant's failure to warn the plaintiff of the dislodged shelf was attributable to a want of ordinary care, or that the dislodged shelf existed for an unreasonable amount of time; and (3) that the shelving unit was "open and obvious." (Decision at 7.)
Civ.R. 56(C) provides that:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
In order for a motion for summary judgment to be granted, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. In order to carry this burden:
 * * * [T]he movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. * * * These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. * * * [Id. at 292-293.]
Although the court must view the facts presented in a light most favorable to the nonmoving party, Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, when a properly supported motion for summary judgment is made, the nonmoving party is not permitted to rest upon the allegations or denials contained in his or her pleadings, but must come forward with specific facts showing the existence of a genuine issue for trial. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108,111, following Celotex Corp. v. Catrett (1986), 477 U.S. 317; and Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45. As recognized by the United States Supreme Court in Celotex, supra, summary judgment is mandated when a nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" by designating specific facts showing that there is a genuine issue for trial.
In this case, the defendant was obligated to maintain its premises in a reasonably safe condition. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. This duty, otherwise known as the duty to exercise ordinary care, requires a landowner to either remove or warn its guests of latent or concealed defects of which it is aware. Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49, 50. However, the duty of ordinary care is by definition not extraordinary, and a landowner is not an insurer against all risk or injury. Paschal, supra.
When presented with the defendant's properly supported motion, the plaintiffs were required to demonstrate a question of fact as to one of the following: (1) that the defendant was responsible for the creation of the hazard which caused the plaintiff's injury, and failed to either remove or warn the plaintiff of that hazard; (2) that the defendant was not responsible for its creation, but had actual knowledge of its existence and failed to remove or warn the plaintiff; or (3) that the hazard had been present for a sufficient length of time such that the defendant should have known about it and either removed or warned of its presence. Anaple v. Standard Oil Co. (1955), 162 Ohio St. 537; Johnson v. Wagner Provision (1943), 141 Ohio St. 584.
Construing the evidence most strongly in favor of the plaintiff, the record establishes the following. Ms. Cynthia Daniel, one of the defendant's employees, testified that she had been stocking the shelves in the area where plaintiff was injured, and did not observe anything unusual prior to the plaintiff's injury. She stated that had she seen that the wire shelving was improperly aligned or ajar, she would have taken corrective action. (Daniel depo. at 35.) Most importantly, however, Ms. Leslie Allert testified that she was working immediately across the aisle from the shelving unit just prior to the time when the plaintiff was injured. (Allert depo. at 11-14.) As she was working, she saw a customer strike the corner of the shelf with a pushcart. (Allert depo. at 13, 15; Allert affidavit, paragraph 3.) Upon inspection, she observed the customer had slightly dislodged a section of the fencing on the bottom of the shelving unit. (Allert depo. at 14; Allert affidavit, paragraphs 3 and 4.) Not knowing how to adjust the fencing, she went directly to a phone and called a supervisor to fix the problem. (Allert depo. at 14, 18 and 21; Allert affidavit, paragraph 4.) Finally, Ms. Allert testified that plaintiff was injured as she was making that call. (Allert depo. at 14, 18 and 28; Allert affidavit, paragraph 5.)
In this case, a thorough review of the record reveals no evidence contradicting Ms. Allert's testimony that she witnessed a customer bump the shelf with a shopping cart, saw that a piece of fencing had become slightly dislodged, and that she promptly took action to correct the problem in an ordinary and usual way. The Ohio Supreme Court has consistently explained that a storekeeper who has knowledge of a hazard is required to either give adequate notice of its presence, or remove it promptly. Johnson, supra. Legal liability for negligence is based upon conduct involving unreasonable risk to another, which must be established by affirmative evidence showing that such conduct fell below the standard represented by the conduct of a reasonable person under the same or similar circumstances. Englehardt v. Philipps (1939), 136 Ohio St. 73.
Upon an independent review of the evidence, construed most strongly in favor of the plaintiff, we conclude that the defendant has shown there to be no genuine issue of material fact for trial. Plaintiff's claims to the contrary, the trial court did not fail to construe the evidence in plaintiff's favor, nor did the court err when it concluded that the defendant had not breached its duty of care. Accordingly, the trial court properly determined that the defendant is entitled to summary judgment.
For the foregoing reasons, both assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.