DECISION AND JUDGMENT ENTRY
This accelerated appeal comes to us from the Lucas County Court of Common Pleas. There, the court awarded a summary judgment in favor of a business operator upon whose premises appellant, Kathryn A. Strzesynski[1], slipped and fell, suffering an injury.
Appellant slipped on what she described as a spot of "slime" and flower petals while exiting the north Toledo store of appellee, Franks Nursery 
Crafts, Inc. When appellant filed a negligence suit, appellee denied liability and moved for summary judgment. Attached to appellee's motion were the affidavits of four store employees. The employees denied putting anything on the floor and further denied prior knowledge of any spill. One employee averred she had inspected the floor upon which appellant fell less than an hour before the incident and observed nothing. Appellee argued that whatever appellant slipped on, it was open and obvious or, alternatively, appellant failed to meet her burden pursuant to Civ.R. 56(E) to come forward with evidence that appellee had actual or constructive knowledge of any hazard.
Construing the evidence in appellant's favor, the trial court concluded that any spill on the floor was not open and obvious. The court, however, noted that it was undisputed that appellee's employees did not put the spot on the floor, nor were they aware of the spot before appellant's fall. See Johnson v. Wagner Provision Co. (1943),141 Ohio St. 584, paragraph three of the syllabus. With respect to constructive notice of the hazard, the court applied Pursley v. Sears,Roebuck Co. (Jan. 10, 1992), Hancock App. No. 5-91-18, concluding that when a hazard is on the floor for an undetermined period of time, but less than an hour, the time is insufficient to infer constructive knowledge.
We disagree with the application of a one hour rule as a per se mark of whether a merchant has constructive notice of a hazard. The question is whether the hazard existed for such a length of time that it would have been discovered in the exercise of ordinary care. Johnson, supra; see, also, Prosser and Keeton on Torts (5 Ed. 1984) 427. In this matter, is was unrefuted that whatever appellant slipped on was present for some period of less than an hour. Moreover, the unchallenged testimony of all the store employees was that it was store policy that the floors be regularly inspected for hazards. None of the employees observed any hazard prior to appellant's fall. Appellant came forth with no evidence that these procedures were unreasonable for the size and traffic of this particular store, see Warren v. Friendly Ice Cream Corp. (Mar. 9, 1992), Clark App. No. 2844, or were not followed. Consequently, she has failed to meet her burden, pursuant to Civ.R. 56(E), to put forth evidence that appellee in the exercise of ordinary care should have discovered whatever appellant slipped on. Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., Concur.
[1] Kathryn Strzesynski's husband, Charles Strzesynski, is also an appellant by virtue of his loss of consortium claim. For purposes of this decision, we shall refer to Kathryn as a singular appellant.