{¶ 1} This case is before us on appeal from the Lucas County Court of Common Pleas, which granted summary judgment to appellee Wyndham Hotel. Because we find that there is no genuine issue of material fact, we affirm the decision of the trial court.
 {¶ 2} Appellant Cameron Thomas was a guest at appellee's hotel in 1998. He was injured while entering the pool by way of the pool's ladder. Appellant contends that the second rung of the ladder was loose and wobbly, which caused him to lose his balance and fall. He sustained personal injury.
 {¶ 3} Appellee moved for summary judgment, arguing that there was no evidence in the record that it either created the alleged hazard or had actual or constructive knowledge of it. Appellee also attached an affidavit from Bruce Stelter, appellee's chief engineer, who averred that no defect existed in the pool at the time of the accident. Appellant opposed the motion, attaching his own affidavit in which he averred that the rung of the ladder was loose. According to appellant, his affidavit created a question of fact as to appellee's negligence. The trial court granted summary judgment to appellee. Appellant now appeals, setting forth a single assignment of error for our review:
 {¶ 4} "The trial court erred as a matter of law in granting the appellee, Wyndham Hotel's motion for summary judgment."
 {¶ 5} We review the trial court's ruling on the summary judgment motion de novo. Conley-Slowinski v. Superior Spinning (1998),128 Ohio App.3d 360, 363, discretionary appeal not allowed (1998),83 Ohio St.3d 1464. A movant is entitled to summary judgment pursuant to Civ.R. 56(C) when the movant demonstrates:
 {¶ 6} "* * * that there is no issue as to any material fact, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion, and that conclusion is adverse to the non-moving party." Miller v. Bike Athletic Co. (1998),80 Ohio St.3d 607, 617.
 {¶ 7} Generally, a business owner owes its invitees a duty of ordinary care to maintain the premises in a reasonably safe condition.Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 203. However, a business owner is not an insurer of the invitee's safety. Id. When an invitee seeks to hold a business owner liable for a "slip and fall" injury, the invitee has the burden of proving:
 {¶ 8} "1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 {¶ 9} "2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 {¶ 10} "3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." Johnson v.The Wagner Provision Co. (1943), 141 Ohio St. 584, 589.
 {¶ 11} In other words, to hold a business owner liable, an invitee must show either that the owner created the hazard or that the owner had actual or constructive knowledge of the hazard. See id. To show constructive knowledge, the invitee must present evidence to show how long the hazard existed. Combs v. First Natl. Supermarkets (1995),105 Ohio App.3d 27, 30, discretionary appeal not allowed (1995),74 Ohio St.3d 1422.
 {¶ 12} In this case, appellant did not come forward with evidence showing that appellee created the alleged defect in the ladder or had actual or constructive knowledge of it. Without such evidence, appellant cannot sustain a negligence claim against appellee. Therefore, the trial court properly granted summary judgment to appellee, and appellant's sole assignment of error is found not well-taken.
 {¶ 13} Upon due consideration, we find that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
 JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Richard W. Knepper, J., Mark L. Pietrykowski, J., CONCUR.