OPINION
{¶ 1} Plaintiff-appellant, Charles Price, appeals from the judgment of the Franklin County Court of Common Pleas granting summary judgment to defendant-appellee, United Dairy Farmers, Inc. For the following reasons, we affirm that judgment.
 {¶ 2} On December 11, 2000, appellant was delivering Pepsi products to appellee's store on North High Street in Columbus, Ohio. The weather conditions were hazy and damp. Snow was on the ground. Although it was not raining at the time of appellant's delivery, it had rained the night before. After he looked into the store's entrance for hazards, appellant walked backwards into the store pulling a dolly filled with Pepsi products. When he got a few feet into the store, he slipped and fell, injuring his back, forearm, and knee. Appellant did not observe a wet substance on the floor or feel wetness on his clothes or body after he fell. Appellant sued appellee, claiming that he slipped and fell due to appellee's negligence.
 {¶ 3} Appellee filed a motion for summary judgment arguing that it was entitled to judgment as a matter of law because appellant could not identify the hazard that caused him to slip and fall and, even if he could, appellee had no notice of that hazard. The trial court granted appellee's motion and entered judgment for appellee.
 {¶ 4} Appellant appeals, assigning the following error:
The trial court erred in granting summary judgment in favor of defendant, United Dairy Farmers, Inc.
 {¶ 5} An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588. Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists; (2) the moving parties are entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v.State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 6} The parties agree that appellant was a business invitee when he walked into appellee's store. The mere occurrence of an injury to a business invitee does not give rise to a presumption or an inference of negligence. Parras v. Std. Oil Co. (1953), 160 Ohio St. 315, paragraph one of the syllabus; Rogers v. Sears, Roebuck Co., Hamilton App. No. C-010717, 2002-Ohio-3304, at ¶ 3. A shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. In a slip and fall case, to establish that the owner or occupier failed to exercise ordinary care, the invitee must establish that: (1) the owner of the premises or his agent was responsible for the hazard of which the invitee has complained; (2) at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its existence or to remove it promptly; or (3) the hazard existed for a sufficient length of time to justify the inference that the failure to warn against it or remove it was attributable to a lack of ordinary care. See Johnson v. Wagner Provision Co. (1943),141 Ohio St. 584, 589; Presley v. Norwood (1973), 36 Ohio St.2d 29, 31.
 {¶ 7} Thus, if the property owner or its agent created the hazardous condition which caused the plaintiff's injury, then the plaintiff need not show that the owner had knowledge or notice of the condition at issue. Crane v. Lakewood Hosp. (1995), 103 Ohio App.3d 129, 136. If, however, a plaintiff cannot establish that the owner or its agents created the hazard or possessed actual knowledge of the hazard, evidence showing the length of time during which the hazard existed is necessary to support an inference that the owner had constructive knowledge of the hazard such that the failure to remove or warn of the hazard was a breach of ordinary care. Presley, supra, at 32; Combs v. First Natl.Supermarkets, Inc. (1995), 105 Ohio App.3d 27, 30; Newkirk v. EaveyQuality Foods, Inc. (Sept. 8, 1997), Butler App. No. CA97-01-013. In the absence of proof that the owner or its agents created the hazard, or that the owner or its agents possessed actual or constructive knowledge of the hazard, no liability may attach. Presley, supra.
 {¶ 8} Appellant claims that the trial court erred in granting summary judgment for appellee because there was evidence indicating that a floor mat was removed from the area where appellant fell. This evidence, appellant contends, demonstrates that appellee had actual or constructive knowledge of a hazardous condition in that area. We disagree.
 {¶ 9} At the outset, we note that appellant does not identify the alleged hazard that caused him to slip and fall. Appellant infers it was a clear liquid, presumably water, because he did not see it and a store employee later told him that the floor was wet. Even if we assume that this evidence is sufficient to identify the hazard that caused him to slip and fall, appellant did not present sufficient evidence to create a genuine issue of material fact as to whether appellee had actual or constructive knowledge of this hazard before he fell.
 {¶ 10} Appellant's testimony indicates that he did not see anything on the floor before he entered the store. Appellant testified that a store employee later told him that the floor was wet. The store employee did not tell him how the floor came to be wet or for how long it was wet. This evidence does not indicate that a store employee created the hazard or knew the floor was wet before appellant fell. See, e.g., Barker v.Wal-Mart Stores, Inc. (Dec. 31, 2001), Franklin App. No. 01AP-658 (actual knowledge of hazard must exist before fall).
 {¶ 11} Nor does the fact that a floor mat was removed from the area where appellant fell at some previous time demonstrate that a store employee created the hazard or knew of the hazard before he fell. The alleged hazard in this case was the presence of liquid on the floor and not the absence of a floor mat. "Ordinarily, no liability attaches to a store owner or operator for injury to a patron who slips and falls on the store floor which has become wet and slippery by reason of water and slush tracked in from the outside by other patrons." Boles v. MontgomeryWard Co. (1950), 153 Ohio St. 381, paragraph two of the syllabus. Appellant did not present any evidence to demonstrate who or what caused the liquid to be on the store's floor or that anyone at the store knew there was liquid on the floor before he fell. Consequently, appellant failed to create a genuine issue of material fact that appellee created the hazard or had actual knowledge of the hazard before appellant fell.
 {¶ 12} Failing to show that appellee created or had actual knowledge of the hazard, appellant could still attempt to show that appellee had constructive knowledge of the hazard. However, evidence of how long a hazard existed is necessary to support an inference that the store had constructive knowledge of the hazard such that the failure to remove or warn of the hazard was a breach of ordinary care. Barker, supra; Cooperv. Red Roof Inns, Inc. (Mar. 30, 2001), Franklin App. No. 00AP-876. Appellant did not present any evidence as to the length of time the alleged hazard existed on the store's floor before he fell. He testified that he did not know how long the floor had been wet. The store's incident report does not state that any water was on the floor. Therefore, appellant did not create a genuine issue of material fact as to whether appellee had constructive notice of the hazard.
 {¶ 13} Appellant failed to present any evidence to create genuine issues of material fact as to whether appellee or its agents created the hazard or had actual or constructive notice of the hazard on the floor. Therefore, the trial court did not err in granting summary judgment in favor of appellee. Id.; Presley, supra; Johnson v. Kroger Co. (Oct. 19, 1994), Scioto App. No. 94CA-2218.
 {¶ 14} Appellant's lone assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and Watson, JJ., concur.