OPINION
{¶ 1} Plaintiff-appellant, Carol J. Morgan ("appellant"), appeals from a decision of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, The Kroger Company ("appellee"), in appellant's slip and fall personal injury action.
 {¶ 2} On August 22, 2005, appellant was a customer in one of appellee's stores when she slipped and fell on a clear fluid that had spilled on the floor of an aisle in the frozen foods department. It is believed that the fluid came from a can of soda that had *Page 2 
been discarded. As a result of the fall, appellant contends she suffered permanent injuries.
 {¶ 3} Appellant filed suit against appellee on August 21, 2007, claiming her injuries were a proximate result of appellee's negligent failure to remove or warn of the hazard created by the liquid of which appellee knew or should have known existed. On May 27, 2008, appellee moved for summary judgment, which the trial court granted. Appellant filed a timely notice of appeal, assigning the following errors:
 Assignment of Error No. 1:
 Defendant does not provide supporting evidence that there was not an ongoing problem with store property being tampered with and damaged causing hazardous shopping conditions.
 Assignment of Error No. 2:
 Defendant does not provide supporting evidence that a reasonably safe condition for a business invitee was provided nor does the Defendant provide supporting warning of any latent danger on the premises to the Plaintiff, a business invitee.
 {¶ 4} Because appellant's two assignments of error are interrelated, we will address them jointly. Together they assert the trial court erred in finding that no genuine issue of material fact existed regarding appellee's actual or constructive knowledge of the hazard and in granting summary judgment to appellee.
 {¶ 5} Appellate review of summary judgments is de novo. Koos v. Cent.Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588, citing Brown v.Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as the *Page 3 
trial court and conducts an independent review, without deference to the trial court's determination. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107; Brown, at 711. We must affirm the trial court's judgment if any grounds the movant raised in the trial court support it.Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41-42.
 {¶ 6} Pursuant to Civ. R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party.Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 7} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt, 75 Ohio St.3d 280, 292,1996-Ohio-107. Once the moving party meets its initial burden, the nonmovant must set forth specific facts demonstrating a genuine issue for trial. Id. at 293. Because summary judgment is a procedural device to terminate litigation, courts should award it cautiously after resolving all doubts in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59, quoting Norris v. OhioStandard Oil Co. (1982), 70 Ohio St.2d 1, 2. *Page 4 
 {¶ 8} As the Supreme Court of Ohio has explained, "`[l]egal liability for negligence is based upon conduct involving unreasonable risk to another, which must be established by affirmative evidence tending to show that such conduct falls below the standard represented by the conduct of reasonable men under the same or similar circumstances.'"Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584, 589, quotingEnglehardt v. Philipps (1939), 136 Ohio St. 73, paragraph two of the syllabus. The mere occurrence of an injury does not give rise to an inference of negligence. Rather, "there must be direct proof of a fact from which the inference can reasonably be drawn." Parras v. StandardOil Co. (1953), 160 Ohio St. 315, 319. "A probative inference for submission to a jury can never arise from guess, speculation or wishful thinking." Id.
 {¶ 9} To establish a cause of action for negligence, a plaintiff must show the existence of a duty, breach of that duty, and an injury proximately caused by the breach. Texler v. D.O. Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d 677, 680, 1998-Ohio-602. A shopkeeper owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that invitees are not unreasonably exposed to unnecessary danger. Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203. However, the shopkeeper is not an insurer of an invitee's safety and owes invitees no duty to protect them from open and obvious dangers on the property. Id. at 203-04, citing Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus.
 {¶ 10} To recover from a shopkeeper in a slip and fall negligence action, a plaintiff must establish:
 1. That the defendant through its officers or employees was responsible for the hazard complained of; or *Page 5 
 2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.
Johnson, at 589.
 {¶ 11} In this case, appellant does not claim that appellee created the hazard by placing the liquid on the floor. Rather, appellant asserts appellee had either actual or constructive knowledge of the presence of the liquid on the floor and negligently failed to remove it or warn appellant of its existence. Specifically, appellant contends that appellee's store had a problem with a homeless person, who would eat and drink items in the store and then discard the waste, and such person may have created the hazard presented by the 7-up can. Appellant's position is that summary judgment was inappropriate because appellee knew it had an "ongoing problem" in its store but failed to present evidence to rebut that presumption.
 {¶ 12} Appellant's argument demonstrates a misunderstanding regarding the relative burdens placed on each party when a motion for summary judgment is filed. Here, appellee fulfilled its initial burden of "informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher, at 293. Appellee supported its motion with the deposition testimony of Ann Crabtree ("Crabtree"), a manager of the store who was on duty at the time of appellant's fall. Crabtree testified that she had conducted a store walk thru that evening *Page 6 
at approximately 8:00 p.m. and saw nothing amiss in the frozen food aisle between 8:00 and 9:30 p.m., when appellant fell. Crabtree also denied having told appellant that a homeless person had been in the store, consuming food and beverage items.
 {¶ 13} Once appellee met its burden, the burden then shifted to appellant to produce competent evidence showing that there is a genuine issue for trial. Id. at 292. Appellant, however, failed to meet her burden. As the trial court correctly noted:
 Here, plaintiff has provided no evidence that Kroger or one of its employees created the hazard. Plaintiff has provided no evidence of actual knowledge other than a statement that a homeless person had been wandering around the store eating and drinking; however, plaintiff has failed to identify when this person was in the store and whether the person was responsible for the liquid. As for constructive knowledge, plaintiff has provided no evidence of how long the liquid was on the floor. Plaintiff did testify that she observed no cart tracks or footprints in the puddle.
(June 26, 2008 decision, at 2.)
 {¶ 14} It is most unfortunate that appellant was injured, but the law requires more than an injury. In order for appellant to recover from appellee, she was required to meet her reciprocal burden on summary judgment by producing evidence that appellee was legally responsible for the liquid on the floor, and this she did not do. See, e.g., Barker v.Wal-Mart Stores, Inc., 10th App. No. 01AP-658, 2001-Ohio-8854 ("No presumption or inference of negligence arises from the mere happening of an accident or from the mere fact that an injury occurred.") (citations omitted).
 {¶ 15} Construing the evidence most strongly in favor of appellant, we find that the trial court correctly entered summary judgment in favor of appellee. No genuine issue of material fact exists, and appellee is entitled to judgment as a matter of law. Accordingly, *Page 7 
we overrule appellant's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BROWN and TYACK, JJ., concur. *Page 1