JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Plaintiff-appellant Brenda Smith ("Smith") appeals from the trial court's decision that granted defendant-appellee Regal Cinemas, Inc.'s ("Regal") motion for summary judgment dismissing her slip and fall action. For the reasons that follow, we reverse and remand for further proceedings.
 {¶ 3} Smith initiated this action on February 28, 2003. Regal filed Smith's deposition on June 5, 2003. The action was voluntarily dismissed and subsequently re-filed on June 21, 2004.
 {¶ 4} Smith broke her ankle at Regal's movie theatre at Severance Center. She walked up the theatre stairway on the right side of the stairs and exited using the left side. The lights came on after the movie and plaintiff proceeded out of her seat to the end of the row. On her first step, her shoe stuck and she fell forward onto her left knee. Something sticky on the floor caused her fall as she was coming out of the seating row. She did not know how long the substance was on the floor, did not notice it entering the theatre, and does not know specifically what it was.
 {¶ 5} Smith submitted the statement she made to Liberty Mutual Group on August 12, 2002. Smith also submitted an excerpt from Regal's "Theatre Management Manual" detailing the "Manager's Daily Inspections." The Manual directs the opening manager to conduct a daily inspection of the theatre and complete a Manager's Daily Inspection Report. In the record is a "Manager's Daily Inspection Report" dated Monday August 12, 2002. The theatre was inspected that morning and Smith's injury occurred around 6:30 that evening.
 {¶ 6} The trial court granted defendant's motion for summary judgment finding "plaintiff failed to offer evidence that defendant placed the substance on the floor, knew that a potentially dangerous substance was on the floor or should have known that the substance was on the floor and failed to remove it."
 {¶ 7} Plaintiff now appeals raising one assignment of error, which states:
 {¶ 8} "I. The trial court improperly granted appellee's motion for summary judgment where there is a genuine issue of material fact remaining as to whether or not appellee, which owed a duty to appellant, as an invitee of the theatre, breached the duty, and an injury proximately resulted therefrom. Appellee owed appellant, a patron, a duty of ordinary care in maintaining the premises in a reasonably safe condition so that appellant, as a customer, was not unreasonably exposed to an unnecessary danger."
 {¶ 9} The party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. CelotexCorp. v. Catrett (1987), 477 U.S. 317, 330; Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356.
 {¶ 10} This Court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704. Pursuant to Civ.R. 56(C), "[t]he reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul (1990),71 Ohio App.3d 46, 50; Link v. Leadworks Corp. (1992),79 Ohio App.3d 735, 741.
 {¶ 11} The parties agree that to maintain a slip and fall action, Smith must establish the following:
 {¶ 12} "1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 {¶ 13} "2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 {¶ 14} "3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." Johnson v.Wagner Provision Co. (1943), 141 Ohio St. 584, 589.
 {¶ 15} Further, an owner or occupier of the premises ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. They "must also inspect the premises to discover possible dangerous conditions of which [the owner or occupier] does not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use." Perry v. EastgreenRealty Co. (1978), 53 Ohio St.2d 51, 52.
 {¶ 16} Smith does not contend that Regal (or its agents) placed the substance on the floor. There is no evidence of actual notice. Accordingly, Smith was required to provide evidence of constructive notice, i.e., that "the condition existed for a sufficient length of time to justify the inference that the failure to warn against it or remove it was a breach of ordinary care." Lopez v. Cleveland Municipal SchoolDist., Cuyahoga App. No. 82438, 2003-Ohio-4665, ¶ 9, citing Presley v.Norwood (1973), 36 Ohio St.2d 29, 32.
 {¶ 17} Construing the evidence in a light most favorable to Smith, as we must, we find reasonable minds could differ as to whether the sticky substance was on the floor for a sufficient amount of time such that Regal's failure to warn against or remove it amounted to a want of ordinary care.
 {¶ 18} Regal argues that because Smith cannot specifically identify the substance on the floor, she therefore, failed to identify the cause of her fall. We disagree. "[W]hile a plaintiff must identify the cause of the fall, he does not have to know, for example, the oily substance on the ground is motor oil. Instead, it is sufficient that the plaintiff knows the oily substance is what caused his fall." Beck v. Camden Placeat Tuttle Crossing, Franklin App. No. 02AP-1370, 2004-Ohio-2989, ¶ 12.
 {¶ 19} Smith clearly stated in her deposition that the cause of her fall was a substance on the floor. The substance, whatever it was, had been on the floor long enough to dry and become sticky. This, coupled with the fact that Regal had not inspected the theatre since that morning, provided enough evidence to create a jury question. Id. at ¶ 28 ("if the trier of fact concludes the defect would have been revealed by a reasonable inspection, and appellee did not conduct a reasonable inspection, constructive knowledge of the defect is conferred upon appellee.")
 {¶ 20} Smith's sole assignment of error is sustained.
 {¶ 21} Judgment reversed and cause remanded for further proceedings.
It is ordered that appellant recover of appellee her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., concurs. Rocco, J., dissents (see dissenting opinionattached).
 DISSENTING OPINION