JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff Amelia Krause brought this negligence action against defendant Marc Glassman, Inc. ("Marc's") seeking damages for injuries she suffered after slipping and falling in a four-foot long "puddle" of red sauce that accumulated on the floor of a Marc's store. The court granted summary judgment to Marc's finding that Marc's presented evidence that it had no notice of any hazard in the store, and that Krause presented no facts to create an issue of material fact as to whether Marc's did have notice of a hazard.
This appeal contests that judgment.
 {¶ 2} Civ.R. 56(C) permits the court to enter summary judgment when (1) no genuine issues as to any material fact remain to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. When reviewing a motion for summary judgment, we are required to view the facts in a light most favorable to the non-moving party. Id.
 {¶ 3} To make out an actionable claim of negligence under the facts of this case, Krause must show:
 {¶ 4} "1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 {¶ 5} "2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 {¶ 6} "3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." Johnson v.Wagner Provision Co. (1943), 141 Ohio St. 584, 589.
 {¶ 7} Krause did not establish the first or second elements of theJohnson test — that is, she offered no evidence to show that Marc's caused the spill or that it had notice of the spill and failed to give its customers notice of its presence. Krause speculated that Marc's must have known of the spill since there was no glass on the floor near the puddle. She took the absence of broken glass on the floor to mean that someone from Marc's had cleaned up the glass from a broken jar, but left the sauce on the floor without warning to the customers.
 {¶ 8} Krause's theory is conjecture of a kind which is inappropriate to send to a jury. See Renfroe v. Ashley (1958), 167 Ohio St. 472, 475. While the non-moving party to a summary judgment motion is entitled to all reasonable inferences, an inference can only be made if it is based on established facts. Hurt v. Rogers Transp. Co. (1955), 164 Ohio St. 329,332. Krause's argument about broken glass presupposes that the sauce came from a broken glass jar. There are no facts to show where the sauce came from, so no inference can be made about the lack of glass in the aisle.
 {¶ 9} The remaining question is whether the spill had been on the floor of the store for a sufficient length of time to justify an inference that it remained there through Marc's negligence. Presley v.Norwood (1973), 36 Ohio St.2d 29, 32. Again, Krause presented no evidence from which an inference could be made. During her deposition, Krause admitted that she had no idea how long the sauce had been on the floor at the time she slipped and fell in it. Moreover, Krause presented no evidence that the substance had become sticky, dried or hardened in a manner that would suggest it had been left on the ground for a length of time. Contrast Smith v. Regal Cinemas, Inc., Cuyahoga App. No. 85871, 2005-Ohio-4703 (although plaintiff could not identify the substance that caused her fall, she testified the substance was sticky, thus creating inference that it had been on the floor for a period of time). In short, there is no evidence that Marc's knew or should have known about the spill.
 {¶ 10} Krause's failure to present evidence showing Marc's knowledge of the spill meant that the court did not err by granting summary judgment. The assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Rocco, J., Concur.