JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff Sandra Burrows brought this action against defendant Marc Glassman, Inc., alleging that she slipped and fell on "something" on the floor of a poorly maintained restroom in a Marc's Discount Store ("Marc's"). Marc's filed a motion for summary judgment in which it argued that Burrows' failure to establish what caused her fall and her added failure to say how the substance came to be on the floor was speculation of a kind that was fatal to her claim. The court granted summary judgment without opinion.
 {¶ 2} We view the facts in a light most favorable to Burrows, along with all reasonable assumptions and inferences that favor her case. See Civ.R. 56. These show that Burrows entered the public restroom of the store and entered a stall. As she exited the stall, she slipped and fell on an unknown substance. At deposition, Burrows commented on the deplorable condition of the restroom. She said that the floor was filthy, the waste basket was overflowing with used hand towels, and there was water by the sink. She claimed that the floor was so grimy that her foot stuck to it as she walked across it. Despite all of this, she was at a loss to say exactly what she slipped on. She acknowledged that she had no difficulties with any substances as she walked into the stall. In doing so, she specifically noted the presence of water on the floor near the sink. As she exited the stall, she stepped forward with her right foot . As her left foot struck the ground, it went out from under her. Shetestified that a store employee came to her aid and commented that "it looks like somebody spilled grease or something on it." Burrows was forced to concede that she could not confirm what she slipped on, nor did she ever see, smell or touch this substance.
 {¶ 3} To make out an actionable claim of negligence under the facts of this case, Burrows must show:
 {¶ 4} "1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 {¶ 5} "2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 {¶ 6} "3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." Johnson v.Wagner Provision Co. (1943), 141 Ohio St. 584, 589, 49 N.E.2d 925.
 {¶ 7} Burrows did not establish the first or second elements of theJohnson test — that is, she offered no evidence to show that Marc's caused the spill or that it had notice of the spill and failed to give its customers notice of its presence.
 {¶ 8} Under some circumstances, the length of time that a substance has been on a floor can justify an inference that it remained there because of negligence. Presley v. Norwood (1973), 36 Ohio St.2d 29, 32,303 N.E.2d 81. Burrows could not even establish this inference, however, as she could not identify the substance upon which she slipped. Not being able to say what caused her fall meant that she could not establish exactly how long that substance had been on the floor. Certainly, she was not entitled to an inference that something had remained on the floor for a sufficient length of time that Marc's should have known about it.
 {¶ 9} This case is unlike Smith v. Regal Cinemas, Inc., Cuyahoga App. No. 85871, 2005-Ohio-4703, where this court held that although the plaintiff could not identify the substance that caused her fall, she testified the substance was sticky, thus creating inference that it had been on the floor for a period of time. Burrows simply testified that she fell on something slippery. She gave the court no reason to believe that whatever had been on the floor had been caused either by Marc's or on the ground for a sufficient period of time so that Marc's knowledge could be inferred simply from its presence.
 {¶ 10} Burrows' failure to identify the substance which allegedly caused her fall is fatal to her case. To be sure, there was ample testimony to the effect that the floor had been generally dirty and even grimy, but Burrows did not say that this condition of the floor caused her fall. In fact, she testified to the opposite — despite the conditions inside the restroom, she saw nothing on the floor either going into or exiting the stall which might have caused the fall.
 {¶ 11} It is important at this point that we disabuse Burrows of the idea that a defendant's liability is not excused because a plaintiff cannot identify the slippery substance. The identity of the slippery substance serves the purpose of establishing its existence. If Burrows could not identify what caused her fall, she has failed to meet her burden of establishing a genuine issue of material fact relating to Marc's breach of a duty of care to remove a dangerous condition or warn its customers of that condition. Slipping on something whose existence cannot be proved will not lead to an actionable negligence claim.
 {¶ 12} Burrows now makes much of the employee's statement to the effect that someone spilled grease on the floor. She did not raise this argument to the court in response to Marc's motion for summary judgment, so it is waived for purposes of appeal. Lippy v. Society Natl. Bank
(1993), 88 Ohio App.3d 33, 40. Even if she had not waived this argument, it would fail. Burrows offered no proof as to the identity of this employee other than to call her "the woman manager." She did not offer any evidence from this manager, instead relying on hearsay. And although Burrows agreed with the manager's statement relative to the presence of grease on the floor, it must again be noted that she did not actually see any grease on the floor, nor did she perceive any other telltale evidence as to what caused her fall. This is not a showing to defeat a motion for summary judgment.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.