DECISION
{¶ 1} Plaintiff-appellant, Constance Swackhammer, appeals a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Kroger Company, and its janitorial service, Metropolitan Building Services, Inc. ("Metropolitan"), in this slip-and-fall negligence action.
{¶ 2} In February 1999, appellant was shopping at a Kroger grocery store on Sunbury Road in Columbus when she slipped on spilled cooking oil and injured her knee. She obtained assistance from a Kroger employee to whom she showed the spill. As they were discussing the accident, another Kroger employee arrived on the scene and spread cat litter on the spill. A Metropolitan employee, who was cleaning in another part of the store, learned of the spill over the intercom and proceeded to the area to clean up the spill. Depositions by appellant and several others indicated some discrepancy as to whether the cooking oil bottle was present at the location of the spill, either prior to the accident or at the time Kroger employees arrived at the scene.
{¶ 3} In January 2001, appellant and plaintiff-appellee, Larry Swackhammer, filed a cause of action alleging that Kroger negligently failed to clean and/or secure the spill, and that this failure proximately caused appellant's injury. In April 2003, the trial court granted motions for summary judgment by Kroger and Metropolitan based upon its conclusion that:
* * * [E]ven assuming that a Kroger employee did in fact pick up the cooking oil bottle, there is no evidence that the oil was on the ground for an excessive amount of time. In fact, the evidence seems to suggest that it was not there for long. Plaintiff herself gave deposition testimony to the effect that there were no footprints or cart tracks through the oil and none of the deposition testimony of the Kroger employees reveals that they knew of the spill, until Plaintiff's slip.
{¶ 4} Appellant now assigns the following as error:
In this slip and fall negligence action, the trial court erred in granting the Defendant-Appellees' motions for summary judgment where one of the Defendant-Appellees admitted that the cooking oil container had been removed from the spill site, that the spill site was proximally located near the cash registers where Plaintiff-Appellant offered evidence that there were no warning signs in place and the cooking oil container had been removed from the spill site.
{¶ 5} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
{¶ 6} When a motion for summary judgment has been supported by proper evidence, a non-moving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue. Civ.R. 56(E); Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52. To establish the existence of a genuine issue of material fact, the non-moving party must do more than simply resist the allegations in the motion. Rather, that party must affirmatively set forth facts which entitle him to relief. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111. If the non-moving party "does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).
{¶ 7} This case is factually similar to those set forth in Barker v. Wal-Mart Stores, Inc., Franklin App. No. 01AP-658, 2001-Ohio-8854, in which a store patron was injured when he slipped and fell on some clear liquid which was later identified as coming from a cracked bottle of recreational vehicle wash. At issue in that case was whether the plaintiff sufficiently demonstrated an issue of fact as to whether the store had either actual or constructive knowledge of the spill and, thus, breached a duty to promptly remove it or to warn the plaintiff of its existence. In upholding the trial court's granting of summary judgment for defendant, this court stated:
In the final analysis, plaintiff has not presented evidence that a genuine issue of material fact exists about whether defendant had actual knowledge of the RV wash fluid on the floor before plaintiff fell. Plaintiff presented no evidence that anyone knew the fluid was on the floor before plaintiff fell, nor did he present any evidence, other than conjecture, of how the RV wash bottle got on the floor and cracked open, resulting in leakage of the slippery fluid onto the floor. * * *
{¶ 8} Given the lack of evidence that Wal-Mart had actual knowledge of the spill, we found that Barker would have had to present evidence as to the length of time the hazard existed. There again, Barker failed to meet his burden of production, since he presented no evidence of how long the substance was on the floor prior to his fall. Following Sweet v. Big Bear Stores Co. (1952), 158 Ohio St. 256, which held that where no evidence shows how a slippery substance came to be on the floor or how long it had been there, a plaintiff cannot show that the store breached a duty of ordinary care, we upheld the trial court's determination that Barker had not presented sufficient evidence to demonstrate a genuine issue of material fact.
{¶ 9} In the case at bar, appellant's evidence did not support either a finding that appellees knew of the spill prior to her fall or that the oil had been on the floor long enough that appellees could be deemed to have constructive knowledge of the spill. Appellant attempts to show that the absence of the leaking bottle demonstrates that someone had removed the bottle from the scene, and assert that a Kroger employee must have learned of the spill, removed the bottle, but did nothing further to address the problem. However, this is mere conjecture, and the trial court properly concluded that the presence or absence of the bottle was not pertinent to the question of how long the spill was there and whether the store knew or should have known of the spill.
{¶ 10} It is unfortunate that appellant was injured; however, "a business owner is not an insurer of a customer's safety or against all types of accidents that may occur on its premises." Barker, citing Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. Because appellant was unable to present sufficient evidence to create a genuine issue of material fact as to appellees' liability, the trial court properly granted summary judgment in appellees' favor.
{¶ 11} Based upon these considerations, we overrule appellant's sole assignment of error and affirm the summary judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.