OPINION
{¶ 1} Plaintiff-appellant, Dawn McDowell, appeals from a judgment of the Frnklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Target Corporation, and its janitorial service, Diversified Maintenance Services, Inc. ("DMS"), in this slip-and-fall negligence action.
 {¶ 2} In February 1999, appellant was shopping at a Target store on Soldano Boulevard in Columbus. On her way to the cashier to pay for her purchases, appellant slipped and fell, severely injuring her knee. She consequently initiated this action, alleging appellees negligently failed to properly maintain the premises and failed to warn appellant of a dangerous condition.
 {¶ 3} The trial court granted appellees' motions for summary judgment on the basis that an interrogatory, a deposition, and an affidavit failed to raise a genuine issue of material fact as to whether appellees caused a dangerous condition or knew of the condition and failed to rectify it. In particular, the trial court focused on inconsistencies between appellant's answers to depositional questions and statements in her affidavit. The court stated:
Where an affidavit raises an affirmative defense which is totally inconsistent with a civil defendant's answer or contradicts a prior unambiguous and freely given answer in a deposition, such affidavit must be rejected by a trial court as competent evidence. McDowell's affidavit testimony clearly contradicts her earlier deposition testimony. In her affidavit, McDowell testifies that there appeared to be a waxy build-up on the floor, but in her deposition testimony, she says that she saw nothing to explain her fall. As such, McDowell's affidavit is rejected as competent evidence in support of her motion. Without her affidavit, McDowell's Memorandum Contra becomes wholly unpersuasive.
McDowell also claims that on "February 16, 1999, one week post-injury, Plaintiff gave a recorded statement to a claim representative of Defendant Target's Guest Claim Center which specifically identified this defect as the cause of her fall." In addition to being contradictory to her deposition testimony, this allegation constitutes inadmissible hearsay and will not be considered by the Court.
Accordingly, the Court finds that McDowell is unable to identify the cause of her fall and establish any issues of material fact regarding the presence of a hazard at the Target store in question. Thus, Target and Diversified Maintenance's arguments are well received.
 {¶ 4} Appellant now assigns the following as error:
The trial court erred in granting the motion of Target Corporation for summary judgment, as genuine issues of material fact existed as to whether plaintiff-appellant properly identified the cause of her injury and whether the hazard had been present for a sufficient length of time such that the defendant-appellee should have known about it and either removed it or warned of its presence.
 {¶ 5} Appellate review of summary judgment motions is de novo. Heltonv. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ. R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 6} When proper evidence supports a motion for summary judgment, a non-moving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ. R. 56, must set forth specific facts showing a genuine triable issue. Civ. R. 56(E); Jackson v. Alert Fire Safety Equip., Inc. (1991),58 Ohio St.3d 48, 52. To establish the existence of a genuine issue of material fact, the non-moving party must do more than simply resist the allegations in the motion. Rather, that party must affirmatively set forth facts entitling him to relief. Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, 111. If the non-moving party "does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ. R. 56(E).
 {¶ 7} A business owner is not an insurer of a customer's safety or against all types of accidents that may occur on its premises. Paschalv. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. In Barker v.Wal-Mart Stores, Inc., Franklin App. No. 01AP-658, 2001-Ohio-8854, this court articulated the test for establishing negligence in a premises liability slip-and-fall action, stating:
In a slip-and-fall case such as this, the store is not liable for a customer's injuries unless the customer can show: (1) the store, through its officers or employees, placed the substance on the floor; (2) at least one of the store's officers or employees had actual knowledge of the presence of the substance and failed to remove it or warn the customer, or (3) the substance had been on the floor long enough that the store officers or employees should have known of its presence and removed it or warned the customer. * * *
 {¶ 8} In this case, appellant first had to present evidence establishing that the cause of her slip and fall was a slippery substance on the floor. Appellant gave differing accounts of her fall. In her deposition, taken July 12, 2001, the following exchange took place:
Q Do you know what caused you to fall? What made your foot slide out?
A I slid. I hit something and slid.
Q Prior to your fall did you see anything on the floor?
A No.
Q After your fall did you see anything on the floor?
A After my fall I was in excruciating pain in a wheelchair. I did not look. I just knew I wasn't wet.
Q So before the fall, you didn't see anything?
A No.
Q After the fall you didn't see anything?
A I didn't look.
Q Okay. But you know you were not wet?
A Right. I know I didn't fall on a wet surface.
Q Which leads you to believe that it wasn't some type of liquid on the floor?
A Exactly.
Q In the area where you fell, I mean, did you see any type of activity take place that would have indicated to you that there might be something on the floor, for example, cleaning activities, construction activities, any type of broken bottles or spills or anything of that nature that would have led you to believe that something was on the floor?
A No.
Q Okay. So you didn't see anything to explain why you fell?
A No. I wasn't looking for anything.
(Depo. 58-60.)
 {¶ 9} However, in appellant's affidavit attached to her memorandum contra Target's motion for summary judgment, appellant stated that she slipped on "an unusually slippery spot on the tile floor, causing me to fall to the floor," and additionally stated:
The area where my foot slipped appeared to have a slippery glaze which appeared to be a waxy build-up on the floor. I was unable to see the glazed area prior to stepping on it. The slippery area was not caused by water or other liquid on the floor, because I was not wet after falling on it.
 {¶ 10} In addition, in a telephone interview by a Target representative taken one seek after the incident, appellant identified a "slippery glaze" on the floor as the cause of her fall:
* * * It wasn't wet because I wasn't wet. But there was a slippery glaze on the floor. I don't know if it had been a powder or wax or somebody sprayed something. I don't know. But first they were going to call squad. You know, it was just mass confusion because people were gathering. * * * And when they took me back to the security room one of the other sales people or person that worked there had went back out and said there was a glaze on the . . . I mean there was something on the floor. They were cleaning it up.
 {¶ 11} Viewing this evidence, the trial court determined that the affidavit evidence, because it was inconsistent with the deposition testimony, must be rejected as competent evidence. The court also rejected the transcript of the telephone interview as being inadmissible hearsay. On appeal, appellant argues that the court erred in rejecting this evidence because the affidavit provided an explanation for the discrepancy. Specifically, appellant notes that her answer to an interrogatory, as well as the telephone interview by a Target employee, shows her identifying a "slippery glaze" as being the cause of the accident; this additional evidence, she argues, provides "sufficient indicia of the competence and reliability of the information" contained in the affidavit. She additionally asserts that the transcript of the telephone interview was not inadmissible hearsay because it was not offered for the truth of the matter asserted, but as evidence that she noticed the slippery glaze at the time of the accident and had not fabricated the story for litigation purposes.
 {¶ 12} In addressing inconsistencies between statements in affidavits in support of memoranda contra summary judgment and statements in depositions, interrogatories or other types of supporting evidence listed under Civ. R. 56(C), courts have indicated that, where an affidavit is inconsistent with the affiant's prior deposition testimony, "`and the affidavit neither suggests affiant was confused at the deposition nor offers a reason for the contradictions in her prior testimony, the affidavit does not create a genuine issue of fact which would preclude summary judgment.'" Kollmorgan v. Raghavan (May 5, 2000), Mahoning App. No. 98 CA 123, quoting Pace v. GAF Corp. (Dec. 18, 1991), Jefferson App. No. 90-J-49. See, also, Jones v. Hoisington (Feb. 2, 1988), Franklin App. No. 87AP-570; Pain Enterprises, Inc. v. Wessling (Mar. 22, 1995), Hamilton App. No. C-930888. A party may not attempt to create a genuine issue of material fact by "submitting an affidavit directly contradicting his own deposition testimony in response to defendant's summary judgment motion." Booth v. Caldwell (Apr. 30, 1996), Franklin App. No. 95APE10-1367.
 {¶ 13} In urging that the trial court should have resolved inconsistencies in her favor, appellant points out that her identification of a slippery glaze in her telephone interview with the Target employee showed that her affidavit statement was not a recent fabrication. She additionally points out that one of her answers to interrogatories identified a slippery glaze. Thus, she alleges the affidavit had sufficient indicia of competence that would permit the trial court to consider it. However, this is not the test set forth inKollmorgan, and related cases. Instead, the test is whether the affidavit sufficiently explained the contradiction. Here, appellant's affidavit fails to offer any explanation for the differing accounts of the cause of her fall. Finding the court did not abuse its discretion in determining that the affidavit did not satisfactorily explain the inconsistencies, we agree that appellant's affidavit was properly excluded.
 {¶ 14} But even if we were to accept appellant's identification of a slippery glaze on the floor (whether in the affidavit or the telephone statement), appellant's evidence fails to meet any of the requirements for demonstrating premises liability as outlined in Barker. In her memorandum contra Target's motion for summary judgment, appellant concedes she is unable to produce evidence that Target or DMS placed the substance on the floor, or that anyone from either company had actual knowledge of the presence of the substance and failed to remove it or warn her. Thus, the only remaining question is whether, in attempting to raise a genuine issue of material fact, she submitted sufficient evidence that the substance had been on the floor long enough that appellees should have known of its presence and removed it or warned customers.
 {¶ 15} Swackhammer v. Kroger Co., Franklin App. No. 03AP-479,2003-Ohio-6191, is a similar case in which a patron fell and injured her knee in a retail store. Despite the appellant's evidence establishing that spilled cooking oil had caused her fall, she was unable to demonstrate that the oil had been on the floor for an excessive amount of time. Following a line of cases that included Barker and Sweet v. BigBear Stores Co. (1952), 158 Ohio St. 256, we concluded that the appellant's evidence did not show how the slippery substance came to be on the floor or how long it had been there; therefore, she had not raised a genuine issue of fact as to whether Kroger knew or should have known of its presence.
 {¶ 16} Similarly, in this case, appellant presented no evidence supporting her contention that her fall resulted from appellees' constructive knowledge of and/or failure to timely address a dangerous condition. As her only support, appellant's memorandum contra Target's motion for summary judgment quoted depositional testimony by store employee Joe Holden, in which Holden stated that he arrived at approximately 7 a.m. that day, that he most likely walked through the accident area, and that it was an area Target employees would frequently pass through.
 {¶ 17} From these statements, appellant postulated that DMS had left the "slippery glaze" on the floor, that nothing had been done to the floor since DMS left at approximately 6 a.m., and, thus, that the slippery buildup had been on the floor for at least five hours. However, Holden's statements do not support appellant's conclusions. Although Holden indicated that he and other employees had walked past the area prior to appellant's fall, we cannot thereby infer appellees' constructive knowledge of the condition of the floor because Holden said nothing either way about a slippery spot on the floor. Thus, Holden's statements do not support appellant's position that a slippery condition was present long enough that appellees should have known about it.
 {¶ 18} Based upon these considerations, we overrule appellant's assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Lazarus, P.J., and Petree, J., concur.