OPINION *Page 2 
{¶ 1} Plaintiff Thomas Harris appeals a summary judgment of the Court of Common Pleas of Licking County, Ohio, entered in favor of defendant Betty Harris in a dispute over a parcel of real estate. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED BY GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT. PLAINTIFF'S CLAIM IS NOT BARRED BY THE STATUTE OF LIMITATIONS, LACHES OR WAIVER."
 {¶ 3} Civ. R. 56 (C) states in pertinent part:
 {¶ 4} Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
 {¶ 5} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the *Page 3 
undisputed facts, Houndshell v. American States Insurance Company
(1981), 67 Ohio St. 2d 427. The court may not resolve ambiguities in the evidence presented, Inland Refuse Transfer Company v. Browning-FerrisIndustries of Ohio, Inc. (1984), 15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law, Russell v. Interim Personnel, Inc. (1999), 135 Ohio App. 3d 301.
 {¶ 6} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St. 3d 35. This means we review the matter de novo, Parenti v. Goodyear Tire RubberCo. (1990), 66 Ohio App. 3d 826.
 {¶ 7} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim,Drescher v. Burt (1996), 75 Ohio St. 3d 280. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, Henkle v.Henkle (1991), 75 Ohio App. 3d 732.
 {¶ 8} The trial court found certain facts to be undisputed. Appellant Thomas Harris is the nephew of appellee Betty Harris and her late husband, Richard. In 1994 Richard and Betty discussed their desire to travel and to purchase a vehicle. As a result of this conversation, Richard entered into an oral agreement to sell 16 acres of farm land to Thomas for $16,000. At the time of the agreement, or shortly thereafter, *Page 4 
Thomas delivered $8,000 to Richard and Betty as an initial payment for the property. Although there was a general understand of what property Thomas was purchasing, no survey was completed describing the 16 acres to be conveyed. No written agreement was ever executed in relation to the property, and no closing date was established. The court found appellant Thomas Harris admits his uncle wanted the balance of the sale price paid as soon as possible, and Richard and/or Betty were ready, willing and able to deliver title to Thomas from the time of the 1994 agreement until mid-1998.
 {¶ 9} The court found two significant events occurred in 1996: Richard Harris died and Thomas Harris dissolved his marriage. Both matters were settled in divisions of the Licking County Court of Common Pleas, and the court took judicial notice of various facts from those cases. The court found Richard Harris' one-half interest in the property at issue was transferred to Betty Harris by a Certificate of Transfer, and Thomas Harris made no claim against the Estate of Richard Harris. Additionally, Thomas Harris did not include his alleged interest in the property as an asset in the domestic relations case.
 {¶ 10} In November, 1997, Betty, in the presence of her son John, called Thomas and demanded payment by the end of 1997. The court found although Thomas could not recall this conversation he did not deny it occurred. In 1998, Thomas had not tendered the balance of the purchase price and Betty concluded the oral agreement was terminated. Thereafter, Thomas attempted to pay the balance of the purchase price to Betty, but Betty directed Thomas to her son John, who was tending to her affairs. The court found Thomas reached John the same day and was put on notice Betty did not intend to complete the original contract for sale. *Page 5 
 {¶ 11} The trial court made conclusions of law and found the statute of frauds did not apply because part performance of an oral contract for sale of real estate is sufficient to remove the contract from operation of the statute, Opinion of September 21, 2006, at 4, citations deleted.
 {¶ 12} The trial court correctly noted pursuant to R.C. 2305.07, actions involving oral contracts are time barred after six years. The court agreed with Thomas the cause of action accrued when he first learned Betty did not intend to go through with the sale and convey the property.
 {¶ 13} In his deposition Thomas indicated Betty had refused his attempted payment in the spring of 1998, and on the same day, John told him Betty would not convey the sixteen acre tract as originally agreed. The court noted Thomas submitted an affidavit to the court alleging he was not aware the deal was off until he received a letter from Betty's counsel in June of 1999. The date is crucial, because appellant filed his complaint on June 10, 2005.
 {¶ 14} In McDowell v. TargetCorporation, Franklin App. No. 04AP-408, 2004-Ohio-7196, the Court of Appeals for the Tenth District found when a statement in an affidavit offered in support of a memorandum contra summary judgment is factually inconsistent with the affiant's statement in a deposition, interrogatory, or other type of supporting evidence, and the affidavit does not suggest the affiant was confused during the deposition or offer a reason for the contradictory testimony, the factual inconsistency does not create a genuine issue of fact precluding summary judgment,McDowell at paragraph 12, citations deleted. *Page 6 
 {¶ 15} In Betty's deposition she stated in the summer of 1998, she informed Thomas she was not going to sell him the property. Tr. 15. John Harris also gave a deposition in which he stated in 1998 Thomas had come to his home with his check book, to pay for the property. John testified he told him it was not for sale, Tr. at 18.
 {¶ 16} The trial court found appellant's claims were time barred. The trial court also found the statute of limitations was not barred by the principles of laches, waiver, or estoppel. The court found Thomas gave no excuse for the delay in his performance, did not claim the alleged interest in the real estate in his divorce case, and never filed a claim against his Uncle Richard's estate.
 {¶ 17} We agree with the trial court appellant presented no evidence to toll the running of the statute of limitations. The statute of limitations had run before appellant filed his complaint. Accordingly, the assignment of error is overruled.
 {¶ 18} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
Gwin, P.J., Wise, J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellant. *Page 1